UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE DALTON and WILLIAM AARON, JR., individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>WALGREEN CO.,<br><br>   Defendant. | Case No. 4:13CV603 RWS |

## MEMORANDUM AND ORDER OF REMAND

  This newly-removed case is before me on my own review for jurisdiction. Plaintiff filed this putative class action in state court on June 25, 2012, under Missouri's Computer Tampering Statute, Merchandising Practices Act, and common law for defendant's alleged tracking and use of plaintiff's internet history and activities. Defendant removed this case on March 29, 2013, asserting federal jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). In its Notice of Removal, defendant asserts that the case was not initially removable but became so based solely upon discovery responses filed in a different case, by a different plaintiff, against a different defendant. Because defendant has not put forward any evidence demonstrating this Court's jurisdiction under CAFA, I must remand this action to state court.

  Plaintiff alleges that defendant "codes its web pages to cause tracking code — its own and that of third parties — to be downloaded to, stored on, and activated on to the computers of plaintiff and class members in Missouri and elsewhere for the purpose of tracking consumers' internet history and activities." According to plaintiff, "the manner in which defendant codes its website prevents plaintiff and class members from detecting or controlling defendant's and third

parties' internet tracking code" in order "to profit from harvesting private information from and about such persons, across their web-browsing activity, even when they specifically set their privacy controls to prevent tracking."  Plaintiff alleges the putative class suffered the following damages: permanent diminution in value of computers; diminished fair market value of computers and hard drive space; the cost of hiring computer consultants to identify and remove this tracking data from computers; the cost of purchasing and installing software to prevent installation of future tracking data; the fair market value of hard drive space "lost" to this preventative software; decreased performance and functionality of computers; repair costs; cost of bandwidth resources; fair market value of personal data and web browsing information; and disgorgement of the increased value of defendant's web properties resulting from taking class members' data.  In an attempt to avoid removal to federal court, plaintiff also stipulated that no class member's claim exceeds $75,000, inclusive of costs and fees, and that the total damages suffered by the class, including attorney's fees, will not exceed $5 million dollars.

In its Notice of Removal, defendant concedes that plaintiff's petition as originally filed in state court was not removable.  However, defendant asserts that this case became removable based on discovery responses filed in a "companion case."  This "companion case" apparently brings similar claims and alleges similar damages,[1] but it is filed by a different plaintiff against a different defendant alleging a different class claiming different damages caused by a different retailer.  Only the lawyers involved are the same.  However, defendant argues that this case somehow became removable based on discovery responses filed in this "companion case" "because the same software and computer consultants and costs associated therewith purportedly

---

[1]Defendant did not bother to provide me with the petition in that case.

would be needed and incurred in this essentially identical case (as well as the others), there is no rational reason or expectation that the damages asserted in [the companion case] would be any different from the damages that plaintiff would claim in this case.  Accordingly, the base claim of $349.98 for potential damages claimed in [the companion case] is a reasonable and reliable estimate of the amount that the plaintiff is seeking in this case . . . ."  Actually, the Court is of the opposite view — that there is "no rational reason or expectation" that the estimate of damages in an unrelated case involving different parties constitutes *any* evidence (let alone the required preponderance of the evidence) that the claimed damages in *this* case meet or exceed CAFA's jurisdictional threshold.

28 U.S.C. § 1441(a) permits a defendant, under certain circumstances, to remove a civil action from a state court to a federal district court on the basis of diversity of citizenship.  It provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  A defendant seeking to "invoke federal jurisdiction through removal . . . bears the burden of proving that the jurisdictional threshold is satisfied."  Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009).  Removal statutes are strictly construed, and any doubts about the propriety of removal resolved in favor of remand.  Wilkinson v. Shakelford, 478 F.3d 957, 963 (8th Cir. 2007).

The Court's jurisdiction in the instant case is premised on CAFA, which confers federal court jurisdiction when the following three elements are satisfied: (1) minimal diversity; (2) a

proposed class containing at least 100 members; and (3) an amount in controversy that is at least $5 million in the aggregate. 28 U.S.C. § 1332(d). "[A] party seeking to remove under CAFA must establish the amount in controversy by a preponderance of the evidence." Bell, 557 F.3d at 958. As the United States Supreme Court recently stated, my task here is to determine whether the amount in controversy is met "by adding up the value of the claim of each person who falls within the definition of [plaintiffs'] proposed class and determine whether the resulting sum exceeds $5 million." Standard Fire Ins. Co. v. Knowles, 133 U.S. 1345, 1348 (U.S. 2013). This jurisdictional issue "is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are . . . ." Knopp v. Knopp, 280 F.3d 883, 885 (8th Cir. 2002). "Once the removing party has established by a preponderance of the evidence that the jurisdictional amount is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Bell, 557 F.3d at 956.

A review of the petition reveals that there is minimal diversity between the parties, and defendant has provided evidence uncontraverted by the pleadings that as many as 2,544,308 Missouri computers visited its website. The issue here, then, is whether the amount in controversy has been met. The sole "evidence" offered by defendant in support of its assertion that the amount in controversy has been satisfied is discovery responses submitted by a different plaintiff in a different lawsuit involving a different defendant. Yet this "evidence" is not really evidence of anything, as the discovery responses were not propounded by this plaintiff in this case. That plaintiff's damages in another case may exceed the jurisdictional threshold does not mean that *this* plaintiff's damages will do so as well, and the mere fact that the same lawyer filed

both cases is not evidence of anything.  Without any evidence of plaintiff's damages here, defendant is merely speculating that the amount in controversy is met.  Such speculation is insufficient to satisfy the jurisdictional burden on defendant.  See e.g., Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 52-53 (1st Cir. 2009); DiTolla v. Doral Dental IPA of N.Y., LLC, 469 F.3d 271, 276 (2d Cir. 2006); Thompson v. Apple, Inc., 2011 WL 2671312, at *2 (W.D. Ark. July 8, 2011).[2]  This case may well end up in federal court based upon plaintiff's discovery responses (or for some other reason), but defendant cannot meet its burden of demonstrating that the jurisdictional threshold has been met in this case by relying on some other plaintiff's discovery responses in an unrelated case against a different defendant.  For this reason, I lack subject matter jurisdiction over this action and must remand it to state court.

Accordingly,

**IT IS HEREBY ORDERED** that this case is remanded to the Circuit Court of Phelps County, Missouri.

**IT IS FURTHER ORDERED** that all pending motions [#9] are denied as moot.

---

[2] In reaching my decision, I ignored plaintiff's purported stipulation of damages in the state-court petition.  Knowles, 133 S.Ct. at 1349.

**IT IS FURTHER ORDERED** that the Order setting this case for Rule 16 conference [#8] is vacated, and the Rule 16 conference set for May 3, 2013 is cancelled.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of April, 2013.