IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHRISTIANE DALTON and WILLIAM AARON, Jr., Individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>WALGREEN CO. D/B/A WALGREENS,<br><br>Defendant. | Case No. 4:13-CV-00603 |

**DEFENDANT'S MOTION FOR STAY OF REMAND ORDER PENDING APPEAL WITH INCORPORATED SUPPORTING MEMORANDUM AND AUTHORITIES**

Walgreen Co. d/b/a Walgreens ("Walgreens") respectfully seeks a stay of this Court's April 16, 2013, order remanding this case to state court. *See* Memorandum and Order of Remand (ECF # 10). On May 13, 2013, the United States Court of Appeals for the Eighth Circuit granted Walgreens' petition for permission to appeal the remand order. *See* Eighth Circuit Order (ECF # 12); Eighth Circuit Judgment (ECF # 16). Pursuant to Federal Rule of Appellate Procedure 8(a)(1), this Court should stay its remand order pending resolution of proceedings before the Eighth Circuit.

### I. DISCUSSION

A.  **Discretionary Appeals Under CAFA**

The Class Action Fairness Act, 28 U.S.C. § 1453(c)(1), provides that a Court of Appeals "may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court." If granted, such an appeal must be decided within 60 days of the filing of the appeal, though this 60-day deadline may be extended by an additional 10 days. *See*

28 U.S.C. § 1453(c)(2)-(3).  Thus, the Eighth Circuit's decision on appeal will be made by July 12, 2013, or, if extended by 10 days, by July 22, 2013.

B.     **This Court Has Jurisdiction To Stay Its Remand Order Pending Appeal.**

This Court and other courts within the Eighth Circuit have held that, if the ability to pursue an appeal under Section 1453 is to have meaning, the federal courts must retain jurisdiction for the limited purpose of staying immediate state-court action during the pendency of appeal.  *See, e.g.*, *Raskas v. Johnson & Johnson*, No. 4:12CV2174 JCH, 4:12CV2266 HEA, 4:12CV2307 CDP, 2013 WL 1818133 (E.D. Mo. Apr. 29, 2013) (Perry, J.).  This tenet is particularly true where, as here, the balance of equities strongly favors granting a stay.  Moreover, with the expedited 60-day review period, any delay to potential state-court jurisdiction is minimal, and the parties would avoid simultaneous expenditure of resources in both the Eighth Circuit and the state court while the Eighth Circuit determines whether jurisdiction properly exists in federal court or state court.

Notwithstanding 28 U.S.C. § 1447(d), which ordinarily bars appellate review of remand orders, Section 1453 expressly authorizes appellate review of remand orders in cases removed pursuant to CAFA.  To make that appellate review possible, the federal courts necessarily must retain jurisdiction over the case while the appellate court considers the appeal.  Thus, although the federal courts generally lose jurisdiction over cases immediately following remand, that rule does not apply where the appeal is not barred by Section 1447(d).  *See, e.g.*, *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312-14 (2d Cir. 2005) (holding that jurisdiction is lost only if remand is ordered in a case where the Section 1447(d) bar on appeals applies and stating that, if Section "1447(d) does not apply, then the mailing of the remand order to the state court does not strip the federal court of jurisdiction.").  Indeed, if the federal courts lacked jurisdiction to grant a stay

following a remand order in CAFA cases, CAFA's provision for a statutory right to appeal remand would be somewhat empty, as state courts would be able to move forward despite a pending appeal before a federal appellate court on the question of whether jurisdiction lies in federal or state court.

This Court agrees with such an analysis. A few weeks ago, the Honorable Catherine D. Perry held that this Court has "authority to reopen [remanded cases] for the limited purpose of staying the remand orders" during the pendency of appeal. *Raskas*, 2013 WL 1818133, at *1. Judge Perry held that, "[t]o hold that a district court lacks the limited jurisdiction to stay its remand order in a CAFA case would render the statutory right to appeal a CAFA remand order hollow." *Id*. In making this decision, Judge Perry cited district-court cases from inside and outside the Eighth Circuit. *See Smith v. American Bankers Ins. Co. of Fla.*, No. 2:11-CV-2113, 2011 WL 6399526 (W.D. Ark. Dec. 21, 2011) (assuming jurisdiction and conducting stay analysis); *Tomlinson v. Skechers USA, Inc.*, No. 5:11-CV-5042 (W.D. Ark. June 17, 2011) (same) (attached hereto as Exhibit 1); *Lafalier v. Cinnabar Serv. Co.*, No. 10-CV-0005-CVE-TLW, 2010 WL 1816377 (N.D. Okla. Apr. 30, 2010) ("The Court finds that it has the limited authority to reopen this case and stay its remand order, because appellate review [under CAFA] of the Court's remand order is not barred by § 1447(d)."); *Indiana State Dist. Council of Laborers v. Renal Care Group, Inc.*, No. 3:05-0451, 2005 WL 2237598 (M.D. Tenn. Sept. 12, 2005) ("If the case is actually remanded, and the state court proceeds to move it forward, the appellate right would be an empty one. The authority suggesting that this court loses jurisdiction over the case once the Clerk performs the ministerial act of placing a certified copy of the remand order in the mail to the state court is inapposite to [CAFA] and, therefore, cannot be

3

followed in this instance."). Accordingly, this Court has jurisdiction to reopen the case for the limited purpose of granting a stay of the remand order pending appeal.

**C.     The Balance Of Equities Favors Issuance Of A Stay.**

Under Rule 8 of the Federal Rule of Appellate Procedure, this Court may issue a stay pending appeal where the appealing party shows that (1) it is likely to succeed on the merits; (2) it will suffer irreparable harm unless the stay is granted; (3) no substantial harm will come to the other parties; and (4) the stay will not harm the public interest. *See James River Flood Control Ass'n v. Watt*, 680 F.2d 543, 544 (8th Cir. 1982). "This Court must 'consider the relative strength of the four factors, balancing them all.'" *Raskas*, 2013 WL 1818133, at *2 (quoting *Brady v. NFL*, 640 F.3d 785, 789 (8th Cir. 2011). Judge Perry also determined, however, that "courts analyzing CAFA cases have placed lesser emphasis on the [first] factor when the remaining harm factors strongly support the issuance of a stay." *Id*. Judge Perry cited *Lafalier*, where the district court held that, if a defendant "establishes the three 'harm' factors, the Court should apply a somewhat relaxed standard to the 'likelihood of success' requirement. . . ." 2010 WL 1816377, at *1 (quoting *FTC v. Mainstream Marketing Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003)).

    **1.     Success On The Merits**

For the reasons set forth in its petition for permission to appeal (on file in this Court as ECF # 11), Walgreens has demonstrated that it is likely to prevail on the merits of an appeal, and the Eighth Circuit granted its petition for permission to appeal. Though this Court disagreed with Walgreen's position in its notice of removal and issued a *sua sponte* remand order before a motion to remand was filed, a removing "defendant generally is required to cite the proper statutory basis for removal and to allege facts from which a district court may determine whether

4

removal jurisdiction exists." *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 778 (8th Cir. 2009) (quoting 28 U.S.C. § 1446(a)). "The removing party's 'burden of describing how the controversy exceeds $5 million' constitutes 'a pleading requirement, not a demand for proof.'" *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944-45 (8th Cir. 2012) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). The evidence supporting removal "may be presented to the Court in opposition to a Motion to Remand, and need not be attached to the Notice of Removal." *Ippert v. Schwan's Homes Serv., Inc.*, No. 4:10CV1947 AGF, 2011 WL 839654, at *2 (E.D. Mo. Mar. 7, 2011).

As for Walgreens' reliance on a written discovery responses in a companion case involving the same counsel and the same plaintiff to establish removal jurisdiction, "federal courts have given the reference to 'other paper' [in 28 U.S.C. § 1446(b)(3)] an expansive construction and have included a wide array of documents within its scope." 14C Charles Alan Wright et al., *Federal Practice & Procedure* § 3731 (4th ed. 2013); *see also Parker v. County of Oxford*, 224 F. Supp. 2d 292, 294 (D. Me. 2002) ("The words 'other paper' . . . have been broadly interpreted by courts and ha[ve] allowed for a wide array of documents to serve as" the trigger for removal.). Federal courts interpret the statute's use of the phrase "other paper" "in keeping with its intended purpose of assuring that a defendant has an opportunity to assert the Congressionally bestowed right to remove upon receiving notice that the right exists in a particular case." Wright, *Federal Practice & Procedure* § 3731. Thus, courts recognize that both "formal" and "informal" documents can serve as an "other paper" under the statute. *Id.*

For instance, the Eighth Circuit has held that a plaintiff's response to a motion may serve as an "other paper" under Section 1446(b)(3). *See Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1220 (8th Cir. 2006). This Court has held that something as informal as a settlement

5

demand letter may serve as an "other paper." *See Ippert*, 2011 WL 839654, at *2; *see also Central Iowa Agri-Sys. v. Old Heritage Adver. & Publishers, Inc.*, 727 F. Supp. 1304, 1305 (S.D. Iowa 1989) (holding same). Another district court summarized that "other paper" includes "letters from opposing counsel, correspondence between parties, affidavits, proposed jury instructions, answers to interrogatories, motions for summary judgment, and documents produced in discovery." *Parker*, 224 F. Supp. 2d at 294. The written discovery responses served by plaintiffs' counsel on behalf of the same plaintiff are certainly on par with a demand letter or other informal papers for purposes of serving as an "other paper" under Section 1446(b)(3).

In the *Raskas* case, Judge Perry noted that, though she had granted plaintiffs' motions to remand, "the lack of authority from the [Eighth Circuit] on [the amount-in-controversy requirements] makes appellate review appropriate." 2013 WL 1818133, at *2. Therefore, she concluded that defendants there had "adequately demonstrated a sufficient likelihood of success on the merits to support their motions to stay." *Id*. On these bases, the first factor favors Walgreens.

**2. Harm Factors**

The remaining factors also favor Walgreens. If forced to proceed with state-court litigation before the Eighth Circuit rules on the pending appeal, Walgreens will suffer irreparable harm. In the *Raskas* case, Judge Perry noted that "the burden of having to simultaneously litigate" a case "in state court and on appeal to the Eighth Circuit, as well as the potential of inconsistent outcomes if the state court rules on any motions while the case is pending before the Eighth Circuit, weigh in favor of granting" a stay. *Id*. Indeed, this potential judicial conflict is a real possibility here. After this Court issued its remand order, plaintiffs noticed a hearing before the state court for June 13, 2013, on a motion to compel the production of discovery documents

6

from Walgreens. *See* Hearing Notice, Exhibit 2. Additionally, plaintiffs have filed with the state court a deposition notice of corporate representatives of Walgreens on 37 very broad deposition topics. *See* Deposition Notice, Exhibit 3. The deposition is scheduled for July 9, 2013, meaning Walgreens may have to petition the state court for a motion for protective order to the extent that it has objections to the 37 deposition topics if the state-court proceedings are not stayed. *See id*.[1] This possibility that the state court will rule on motions before the Eighth Circuit renders its appeal decision "may cause irreparable harm not only to [Walgreens], but also to plaintiffs." *Raskas*, 2013 WL 1818133, at *2. In *Lafalier*, in granting a stay, the district court also noted that a defendant "should not be required to simultaneously respond to plaintiffs' discovery requests and pursue its request for appellate review of the Court's remand order" because "[t]his would impose an unfair burden on" the defendant. 2010 WL 1816377, at *2.

By contrast, a stay would cause no substantial harm to the plaintiffs. While plaintiffs may argue that a stay would cause undue delay, as discussed above Section 1453(c) provides for an expedited review, so the entire appeal process should be completed within 60 to 70 days of the filing of the appeal. In the meantime, plaintiffs, like Walgreens, would benefit from avoiding both the unnecessary cost of litigating in state court and the Eighth Circuit simultaneously and the confusion that would result should the state court make a ruling prior to the Eighth Circuit determining that this case should not be remanded to state court. In *Raskas*, Judge Perry agreed with this argument, finding that "plaintiffs' interests would actually be served by granting a stay" because "[n]either party would be required to incur additional expenses from simultaneous litigation before a definitive ruling on appeal is issued." *Id*. Judge Perry also noted the "expedited appellate review process." *Id*.

---

[1] Walgreens conferred and offered the deposition date of July 9, 2013, without waiving its right to seek a stay of the state-court proceedings. *See* E-Mail Message, Exhibit 4.

7

Finally, a stay would do no harm to the public interest. To the contrary, a stay—which would be brief—would benefit the public because it would conserve judicial resources and avoid potentially unnecessary adjudication of matters in state court. *See id.* at *3.

## II. CONCLUSION

For the foregoing reasons, Walgreens respectfully prays that this Court enter an order staying the remand order pending disposition of the appeal before the Eighth Circuit and direct that a copy of such order staying the remand order be sent to the Circuit Court of Phelps County, Missouri.

Dated: May 23, 2013

        Respectfully submitted,

        TURNER, REID, DUNCAN, LOOMER
        & PATTON, P.C.


        /s/ Rodney E. Loomer
        Rodney E. Loomer,        #24013
        1355 E. Bradford Parkway, Suite A
        Springfield, MO 65804
        T:  417.883.2102
        F:  417.883.5024
        rloomer@trdlp.com

        and

        Charles L. Schlumberger (*pro hac vice*)
        Karen S. Halbert (*pro hac vice*)
        QUATTLEBAUM, GROOMS,
         TULL & BURROW, PLLC
        111 Center Street, Suite 1900
        Little Rock, AR 72201
        T:  501.379.1700
        F:  501.379.3862
        cschlumberger@qgtb.com
        khalbert@qgtb.com

        Brandon B. Cate (*pro hac vice*)
        QUATTLEBAUM, GROOMS,
         TULL & BURROW, PLLC
        4100 Corporate Center Drive, Suite 310
        Springdale, AR 72762
        T: 479.444.5205
        F: 479.444.5255
        bcate@qgtb.com

        **ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

   I hereby certify that on May 23, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system and/or via electronic mail upon the following::

David L. Steelman, Esq.
Stephen F. Gaunt, Esq.
Patrick J. Horsefield, Esq.
STEELMAN, GAUNT & HORSEFIELD
901 Pine Street, Suite 110
Rolla, MO  65401
T:  573.458.5231
dsteelman@steelmanandgaunt.com
sgaunt@steelmanandgaunt.com
phorsefield@steelmanandguant.com

Stuart L. Cochran
LAW OFFICES OF
  STUART L. COCHRAN, PLLC
6900 N. Dallas Parkway, Suite 200
Plano, TX  75024
T: 214.219.8828
scochran@scochranlaw.com

Scott A. Kamber
David A. Stampley
KAMBER LAW, LLC
100 Wall Street, 23rd Floor
New York, NY  1005
T: 212.920.3072
dstampley@kamberlaw.com
skamber@kamberlaw.com
*Attorneys for Plaintiffs*

             /s/ Rodney E. Loomer
             Rodney E. Loomer