IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PATTY TOMLINSON                                                PLAINTIFF

v.           Civil No. 11-5042

SKECHERS USA, INC.                                            DEFENDANT

O R D E R

Now on this 17th day of June, 2011, the above referenced matter comes on for the Court's consideration of **Defendant Skechers U.S.A., Inc.'s Motion to Extend Stay of Order to Remand Pending Appeal (document #33)** and plaintiff's response thereto. The Court being well and sufficiently advised, finds and orders as follows:

1.   On January 13, 2011, plaintiff commenced this putative class action in the Circuit Court of Washington County, Arkansas. The defendant removed the matter to this Court, asserting federal subject matter jurisdiction under the Class Action Fairness Act ("CAFA"); and, on May 25, 2011, this Court, granting plaintiff's motion, entered an order remanding it to state court.

On June 3, 2011, and pursuant to 28 U.S.C. § 1453(c), defendant filed its petition to appeal to the United States Court of Appeals for the Eighth Circuit.

2.   The defendant now seeks a stay of the remand to state



court until the appeals process has been completed.

3. Under Rule 8 of the Federal Rules of Appellate Procedure, the district court may issue a stay pending appeal where the appealing party shows that (1) it is likely to succeed on the merits; (2) it will suffer irreparable injury absent a stay; (3) no substantial harm will come to other parties; and (4) the stay will do no harm to the public interest. James River Flood Control Ass'n v. Watt, 680 F.2d 543, 544 (8th Cir. 1982).

The plaintiff argues that the requirements for a stay are not met – particularly, plaintiff argues, because the Eighth Circuit has already ruled in similar cases that the federal court lacks subject matter jurisdiction.

However, considering interests of judicial economy, and the fact that pursuant to 28 U.S.C. § 1453(c)(2) any review by the Eighth Circuit will be done on an expedited schedule, the Court is persuaded by defendant's argument and the reasoning of Lafalier v. Cinnabar Serv. Co., Inc., 2010 WL 1816377 (N.D. Okla. April 30, 2010) and similar cases which held that if the "three 'harm' factors" are established, "the Court should apply a somewhat relaxed standard to the 'likelihood of success' requirement, and grant the motion for a stay." See also Dataphase Systems, Inc. v. CL Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981)(applying a flexible approach to the same factors with respect to a preliminary injunction).

4.   For the above reasons, **Defendant Skechers U.S.A., Inc.'s Motion to Extend Stay of Order to Remand Pending Appeal (document #33)** is **granted** and this Court's Order (document #20) granting remand is **stayed** pending completion of the appeal process.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE