IN THE CIRCUIT COURT OF PHELPS COUNTY, MISSOURI

CHRISTIANE DALTON and WILLIAM     )
AARON, JR., Individually and on behalf )
of all others similarly situated,      )
                                       )
          Plaintiffs,                  )
                                       )
vs.                                    )     Case No.  12PH-CV00556
                                       )
WALGREEN CO. d/b/a WALGREENS,          )
                                       )
          Defendant.                   )

## PLAINTIFF'S NOTICE OF ORAL AND VIDEOTAPED 57.03 DEPOSITION

TO:   Defendant Walgreen Co. d/b/a Walgreens, by and through its attorneys of record, Rodney Loomer, TURNER, REID, DUNCAN, LOOMER & PATTON, PC; Charles Schlumberger and Karen S. Halbert, QUATTLEBAUM GROOMS TULL & BURROW, PLLC; and Brandon B. Cate, QUATTLEBAUM GROOMS TULL & BURROW, PLLC.

PLEASE TAKE NOTICE that, pursuant to Missouri Rule of Civil Procedure 57.03, Plaintiff will take the Oral and Videotaped Deposition of the Corporate Representative(s) of Walgreen Co. d/b/a Walgreens on **July 9, 2013 at 9:00 a.m. at 104 Wilmot Road, Deerfield, Illinois 60015.**

Defendant Walgreens is a corporate entity and is directed to designate a person or persons to testify fully on its behalf on the topics below.

## DEFINITIONS

The following terms have the following definitions in the topics below:

A.   COMMUNICATION shall mean all telephonic conversations, oral conversations, electronic conversations other than telephonic conversations, electronic mail, and/or WRITINGS and other DOCUMENTS transmitted between two or more persons or entities;

PLAINTIFF'S NOTICE OF ORAL AND VIDEOTAPED 57.03 DEPOSITION                    Page 1



EXHIBIT

3

tabbies®

B.   DOCUMENT(S) and/or DOCUMENTATION is intended to be all-inclusive including, without limitation, the original and any copies of writings, computerized data and/or information, software, magnetic, electronic or optical media, memoranda, directives, COMMUNICATIONS, letters, written materials, handwritten notes, e-mail, reports, records, audits, ledgers, financial data, drawings, graphs, charts, specifications, invoices, purchase orders, receipts, personal calendars and diaries, logs, journals, minutes, contracts, recordings of telephonic or personal COMMUNICATIONS, all other recordings, films, prints, negatives, stenographic notes, electronic data, storage media or printouts, other data and/or information, compilations from which information can be obtained, and any written, printed, recorded or tangible matter of any character in the possession, custody or control of DEFENDANT and/or its antecedent entities, its attorneys, agents or any other person, company or entity under its control as of the date this request was served. DOCUMENT(S) or DOCUMENTATION shall also expressly include any and all exhibits, appendices, attachments, or other type of material and/or information supplementary to such DOCUMENTATION, and also include any and all editions or versions of, and/or revisions, modifications, amendments, alterations, deletions, additions and/or any other change to, such DOCUMENTATION and/or to such supplementary material or information.  DOCUMENT(S) or DOCUMENTATION should include such above materials which were created or came into existence in connection with COMMUNICATIONS with attorneys who were not employees and/or partners of one or more of the Defendants.  Whenever the term DOCUMENT appears, that term is intended to include all materials described in the definition of

WRITING as set forth herein as well as any form of electronic communication, however generated or stored, such as e-mail, which is capable of being copied;

C.    "LSO" or "LSOs" means Adobe Flash Local Shared Objects (also referred to as ".SOL" files or objects).

D.    WRITING shall mean any written material, whether typed, handwritten, printed or otherwise, or any photograph, photo static, microfilm, or any other reproduction thereof, and including, without limitation, each note, memorandum, letter, telegram, circular, release, article, report, analysis, chart, account, book, draft, summary, diary, transcript, agreement, contract, deposit slip, bank statements, receipts, stock certificate, bond coupon, purchase and/or sale confirmation, monthly securities and/or commodities statements.

## DEPOSITION TOPICS

1.  The use of LSOs and other technologies on Walgreens' website;

2.  The identity and positions of Walgreens' officers and employees responsible for Walgreens' website and web-based technology;

3.  All communications, representations and marketing material provided to Walgreens by any third party about the use of LSOs or other technologies used to track consumers on Walgreens' website;

4.  All communications, representations and marketing material provided to Walgreens by any third party about the data gathered through the use of LSOs or other technologies used to track consumers on Walgreens' website;

5.  All agreements between Walgreens and any third party relating to the use of LSOs or other technologies used to track consumers on Walgreens' website;

6.  The development and operation of processes used, performed, and/or that Walgreens caused to be used or performed to create, read, and modify HTTP cookie files on end-user devices;

7.  The development and operation of processes used, performed, and/or that Walgreens caused to be used or performed to create, read, and modify Adobe LSO files on end-user devices;

8. The development and operation of processes used, performed, and/or that Walgreens caused to be used or performed to create, read, and modify HTTP cookie files on end-user devices, including through processes that include the creating, reading, and modifying of Adobe LSO files on end-user devices;

9. The development and operation of processes to assign identifiers to end-users and/or end-users' devices;

10. The development and operation of processes to use data acquired through the processes described in 6 through 9, above, to serve online advertisements to end users;

11. The evaluation and/or acquisition of information regarding the effect of the processes described in 6 through 9, above, on end-users' online experience and end-user resources in terms of latency; page load times; and bandwidth, memory, and storage use;

12. The merger of data obtained from and about end users and/or their devices with data obtained by Walgreens from third parties;

13. The retention, processing, and/or use in the creation of derivative information of data obtained from and about end users and/or their devices;

14. The transfer to third parties, including data partners, data purchasers/ aggregators/ brokers, and/or clients, of data obtained and/or derived from and/or about end users and/or end-user devices;

15. Notices made to end users regarding the processes described in 6 through 14, above;

16. Choices exercised by end users regarding the processes described in 6 through 14, above;

17. The nature, type, quality and quantity of data gathered by Walgreens', ShopLocal's, or others' LSOs or other technologies used to track consumers on Walgreens' website, including, but not limited to: age, gender, income, ethnicity, marital status, children, etc.;

18. The nature, type, quantity and quality of data gathered by Walgreens', ShopLocal's or others' use of LSOs or other technologies used to track consumers on Walgreens' website during the class period;

19. All opinion letters addressing the gathering of information through Walgreens', ShopLocal's, or others' LSOs or other technologies used to track consumers on Walgreens' website;

20. All revenue generated by Walgreens for data collection, data mining and analytics during the class period;

21. All complaints, lawsuits or claims by individuals, entities or governmental agencies such as the FTC that Walgreens was improperly utilizing LSOs, tracking technology and/or invading individual's privacy on its website;

22. The factual bases for any contention that this case cannot be certified pursuant to Rule 23 of the Missouri Rules of Civil Procedure, including any contention that:

   a)  That the class is not so numerous that joinder of all parties is impracticable;
   b)  That there are not common issues of fact and law;
   c)  That the claims of the Plaintiff are not typical of the claims of the class; and
   d)  That the named Plaintiff will not fairly and adequately represent the interests of the class.

23. All reasons why Walgreens discontinued the use of LSOs;

24. All communications exchanged with any third parties or their lawyers about this litigation;

25. All communications with/disclosures made to Walgreens' investors regarding this litigation;

26. The number of all persons residing in the State of Missouri who used computers in the State of Missouri, and whose computers, and/or computer systems, networks, programs, and/or data residing on or connected to those computers, were, through Defendant's conduct, modified, damaged, accessed, and/or altered, and/or whose private information was acquired without such persons' authorization or consent;

27. The number of persons in Missouri to whose computers LSOs were downloaded from Walgreens' website from 2007-2012;

28. The factual and legal basis for Walgreens' calculation of the amount in controversy and damages in this case, as set forth in Walgreens' Notice of Removal, including all information and data analyzed in making those calculations;

29. Walgreens' factual and legal contentions as to how much each class member has been harmed as a result of the allegations made the basis of this lawsuit;

30. Walgreens' methodology for calculating injury, harm, or damage for each class member individually and for the entire Missouri class in the aggregate;

31. The nature and details of Walgreens' relationship with ShopLocal;

32. All communications between Walgreens and ShopLocal (or their lawyers) regarding this litigation while Walgreens was represented by Reed Smith LLP;

33. All communications between Walgreens and its representatives and agents and ShopLocal and its representatives and agents about this litigation prior to ShopLocal controlling the defense of this litigation;

34. All communications between Walgreens and ShopLocal prior to this litigation about the collection and usage of data from customers gathered through the use of LSOs;

35. All reports generated by or provided to Walgreens regarding the gathering and use of data from LSOs;

36. All indemnity or other agreements between Walgreens and ShopLocal related to this litigation;

37. All insurance agreements that may provide coverage for all of part of Plaintiff's claims in this litigation, including policies between Walgreens and the insurer directly and/or policies under which Walgreens is or may be an additional insured or third party beneficiary.

## APPLICABLE RULES

The deposition is being taken under the Phelps County, Missouri Local Rules and Missouri Rules of Civil Procedure and Evidence for all purposes allowed by such Rules.

## I.

## AGREEMENTS

Unless informed by you to the contrary, prior to the day of the scheduled deposition, I will assume that you agree to the deposition being taken under the following terms:

1.      All applicable Missouri Rules of Civil Procedure will remain in force, except that, signature may be before any notary.

2.      All rules regarding signature and filing will remain in effect.

3.      If the deposition remains unsigned at the time of any hearing, an unsigned copy may be used with the same force and effect as a signed and filed original.

4.      The deposition may be used in any pending litigation arising from the incident in question.

## II.

### COURT REPORTER

The deposition will be stenographically recorded by a certified shorthand reporter of *Courtroom Sciences Global Deposition Services, 4950 N. O'Connor Road, Suite 152, Irving, Texas 75062-2778; telephone number (972) 719-5000.*

## III.

### NON-STENOGRAPHIC RECORDATION

Pursuant to Missouri Rule of Civil Procedure 57.03(c), Plaintiff hereby gives notice of his intention to take the above-mentioned deposition by non-stenographic means, to wit: videotape recording. The corporate entity responsible for providing the videographer/recording technician is *Courtroom Sciences Global Deposition Services, 4950 N. O'Connor Road, Suite 152, Irving, Texas 75062-2778; telephone number (972) 719-5000.*

Unless advised by the Defendant to the contrary, Plaintiff will assume that Defendant has no objection to this method of recordation or to taxing as cost the expense of the videotape recording.

Plaintiff's intent to videotape the deposition is subject to change, so if any other party wishes to videotape the deposition such party should make its own independent arrangements and give the proper notice of such intention.

The original of the videotape will remain in the above operator's possession, subject to inspection by any parties, at the above address upon reasonable notice. In the event that any party desires a copy of the videotape(s), it will be delivered to an independent videotape transfer company for copying, at the Defendant's expense.

DATED:  May 17, 2013                              Respectfully submitted,


                                                 By: _____
                                                     David L. Steelman, #27334
                                                     dsteelman@steelmanandgaunt.com
                                                     Stephen F. Gaunt, #33183
                                                     sgaunt@steelmanandgaunt.com
                                                     Patrick J. Horsefield, #50380
                                                     phorsefield@steelmanandgaunt.com
                                                     STEELMAN, GAUNT & HORSEFIELD
                                                     901 Pine Street, Suite 110
                                                     Rolla, Missouri  65401
                                                     Tel: (573) 458-5231
                                                     Fax: (573) 341-8548

                                                     Scott S. Kamber *(pro hac vice)*
                                                     skamber@kamberlaw.com
                                                     David A. Stampley *(pro hac vice)*
                                                     dstampley@kamberlaw.com
                                                     KAMBERLAW, LLC
                                                     100 Wall Street, 23rd Floor
                                                     New York, New York  10005
                                                     Tel: (212) 920-3072
                                                     Fax:(212) 202-6364

                                                     Stuart L. Cochran *(pro hac vice)*
                                                     Texas Bar #24027936
                                                     scochran@scochranlaw.com
                                                     LAW OFFICES OF STUART COCHRAN, PLLC
                                                     690 N. Dallas Parkway, Suite 200
                                                     Plano, Texas  75024
                                                     Tel: (214) 219-8828
                                                     Fax:(214) 219-8838

                                                     **COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served by U.S. regular mail and email to all counsel of record on this 17th day of May 2013.

Rodney Loomer
Sherry Rozell
Turner, Reid, Duncan, Loomer & Patton, PC
1355 E. Bradford Parkway, Suite A
Springfield, MO  65804
rloomer@trdlp.com
srozell@trdlp.com

Charles Schlumberger (*pro hac vice*)
Karens S. Halbert (*pro hac vice*)
Quattlebaum Grooms Tull & Burrow, PLLC
111 Center Street, Ste. 1900
Little Rock, AR  72201
cschlumberger@qgtb.com
khalbert@qgtb.com

Brandon B. Cate (*pro hac vice*)
Quattlebaum Grooms Tull & Burrow, PLLC
4100 Corporate Center Drive, Ste. 310
Springdale, AR  72762
bcate@qgbt.com

_____
Stephen F. Gaunt, #33183