UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE DALTON and WILLIAM AARON, JR., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:13 CV 603 RWS |
| WALGREEN CO., | ) ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Defendant removed this case to this court from Missouri state court pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act (CAFA). On April 16, 2013, I entered an order remanding this case to state court. Defendant now seeks an order staying remand of this case pending appellate review of the remand orders. For the following reasons, I will grant Defendant's motion to stay the remand.

## *Background*

Plaintiffs filed this case in Missouri state court, alleging that Defendant tracked and used Plaintiffs' internet history in violation of the Missouri statute regarding computer tampering, the Missouri Merchandising Practices Act, and common law. Defendant removed this case from the Circuit Court of Phelps County pursuant to CAFA. Because I concluded that Defendant did not meet its burden of establishing an amount in controversy that is at least $5 million—a necessary requirement under CAFA—I remanded the case to state court on April 16, 2013. On May 13,

2013, the United States Court of Appeals for the Eighth Circuit granted Defendant's petition for permission to appeal the remand order.

Defendant now seeks a stay of the remand order, arguing that equity favors issuance of a stay. Defendant argues that the brief stay required for the expedited appeal process will prevent the parties from having to expend resources to litigate the case simultaneously in state court and on appeal, and that it would avoid any potentially inconsistent rulings from the state court.

*Discussion*

Under 28 U.S.C. § 1447(d), an order remanding a case to state court is generally not reviewable on appeal. For that reason, when a district court issues a remand order, the district court is ordinarily divested of jurisdiction, allowing the state court to proceed with the case. 28 U.S.C. § 1447(c). However, Congress expressly authorized federal courts of appeals to exercise their discretion to accept an appeal from a remand order under CAFA "notwithstanding section 1447(d)." 28 U.S.C. § 1453(c). This statute constitutes an exception to the general rule that remand orders are not appealable.

I have jurisdiction to reopen this case for the limited purpose of staying the remand order. "To hold that a district court lacks the limited jurisdiction to stay its remand order in a CAFA case would render the statutory right to appeal a CAFA remand order hollow." Raskas v. Johnshon & Johnson, Nos. 4:12 CV 2174 JCH, 4:12 CV 2266 HEA, 4:12 CV 2307 CDP, 2013 WL 1818133, at *1 (E.D. Mo. Apr. 29, 2013); see also Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Grp., Inc., No. 3:05–0451, 2005 WL 2237598 (M.D.Tenn. Sept.12, 2005) ("If the case is actually remanded, and the state court proceeds to move it forward, the appellate right would be an empty one."). Exercising limited jurisdiction to

stay a CAFA remand order is appropriate in light of the statutory scheme allowing immediate appeal of such orders.[1]  See, e.g., Smith v. Am. Bankers Ins. Co. of Fla., No. 2:11–CV–02113, 2011 WL 6399526 (W.D.Ark. Dec.21, 2011) (assuming jurisdiction and conducting a stay analysis on the merits); Tomlinson v. Skechers USA, Inc., No. 5:11–CV–5042 (W.D. Ark. June 17, 2011) (same).

When deciding a motion to stay pending appellate review, courts consider four factors in determining whether a stay is warranted: "(1) the likelihood that a party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." Iowa Utils. Bd. v. F.C.C., 109 F.3d 418, 423 (8th Cir. 1996).  This court must "consider the relative strength of the four factors, balancing them all." Brady v. Nat'l Football League, 640 F.3d 785, 789 (8th Cir. 2011) (internal quotations marks and citation omitted).

After examining the four factors, I find that a stay is warranted.  Although I remanded this case, Defendant has demonstrated an adequate likelihood of success on the merits of the appeal.  More persuasive is the likelihood that Defendant will be irreparably harmed by the burden of having to simultaneously litigate these cases in state court and on appeal to the Eighth Circuit, as well as the potential of inconsistent outcomes if the state court rules on any motions while the appeal is pending.  If I grant a stay, neither party would be required to incur additional expenses from simultaneous litigation before a definitive ruling on appeal is issued.

---

[1] Some courts have declined to exercise jurisdiction in these circumstances, holding that the rule divesting district courts of jurisdiction once a remand order has been sent to the state court applies to CAFA remand orders.  See, e.g., In re Oxycontin Antitrust Litig., No. 08 Civ. 3380, 2011 WL 4801360 (S.D.N.Y. Oct. 6, 2011); Migis v. AutoZone, Inc., No. Civ. 08–1394, 2009 WL 690627 (D.Or. Mar. 6, 2009).

Additionally, Plaintiffs would not be harmed by a lengthy delay because of the expedited appellate review process set forth in § 1453(c). Finally, the public interest favors granting a stay because it would avoid potentially duplicative litigation, thereby conserving judicial resources.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant's motion for stay of remand [#18] is **GRANTED**.

**IT IS FURTHER ORDERED** that the proceedings in this case are stayed, pending final resolution of Defendant's appeal of the remand order to the Eighth Circuit Court of Appeals.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of May, 2013.